**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-2035

GINGER RHOADS; SCOTT RHOADS; WAYLON ETHRIDGE; ASHLEY ETHRIDGE,

        Plaintiffs - Appellants,

    v.

GUILFORD COUNTY, NORTH CAROLINA; GUILFORD COUNTY DEPARTMENT OF SOCIAL SERVICES; SHARON BARLOW, in her Capacity as Director of Guilford County Department of Social Services; GAIL SPINKS; CHRISTINA HAIK; KAREN WILLIAMSON; LORI GERSHON; RACHEL COOLEY; DSS SUPERVISOR DOE #1, in their individual capacities and official capacities as employees of Guilford County Department of Social Services; DSS SOCIAL WORKER DOE #1, in their individual capacities and official capacities as employees of Guilford County Department of Social Services,

        Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:23-cv-00854-TDS-LPA)

Submitted: December 30, 2025                               Decided: January 16, 2026

Before HEYTENS and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Deborah A. Ausburn, TAYLOR ENGLISH DUMA LLP, Atlanta, Georgia, for Appellants. Patrick M. Kane, Kip D. Nelson, Ashley B. Chandler, La-Deidre D. Matthews, FOX ROTHSCHILD LLP, Greensboro, North Carolina, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Ginger Rhoads, Scott Rhoads, Waylon Ethridge, and Ashley Ethridge appeal the district court's order dismissing their amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The Rhoadses and Ethridges brought federal claims against Guilford County, the Guilford County Department of Social Services ("DSS"), and several DSS employees in their individual and official capacities.  The district court concluded it lacked jurisdiction as to one form of injunctive relief plaintiffs sought; the DSS was not amenable to suit; plaintiffs failed to state a claim under *Monell*,[*] 42 U.S.C. §§ 1985 and 1986, and the Multiethnic Placement Act ("MEPA"), as codified at 42 U.S.C. §§ 671(a)(18), 1996b; and the individual defendants were entitled to absolute and qualified immunity.

We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).  But "naked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation modified).

---

[*] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

3

Plaintiffs do not challenge the district court's conclusions that it lacked jurisdiction to grant one form of injunctive relief they sought, that the DSS was not amenable to suit, and that the complaint did not plausibly allege a conspiracy under 42 U.S.C. §§ 1985 and 1986. They have thus forfeited review of those issues. *See Short v. Hartman*, 87 F.4th 593, 615 (4th Cir. 2023).

Plaintiffs failed to plausibly allege a *Monell* claim. "[T]o hold a municipality liable for a constitutional violation under *Monell*, a plaintiff must prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (citation modified). Thus, although the Rhoadses and Ethridges need not plead "detailed factual allegations" regarding the incidents in question, they must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" that amounts to a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation modified). Plaintiffs' conclusory allegations that they were harmed by an unspecified policy or practice are insufficient to state a plausible *Monell* claim against Guilford County. And as to plaintiffs' "newly raised argument[s]" in support of a failure-to-train *Monell* claim, "we may reverse only if [those arguments] establish[] fundamental error or a denial of fundamental justice." *Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) (citation modified). Plaintiffs do not argue they meet that standard.

That leaves plaintiffs' claim that defendants violated MEPA and Section 1983. The individual defendants are entitled to qualified immunity. Plaintiffs identify no authority "clearly establish[ing]" that a social worker violates MEPA or Section 1983 by failing to

4

object to "racially biased testimony" in court, JA 18; declining to appeal a state court's ruling or convene a hearing; or asking foster parents how they plan to meet a foster child's cultural needs. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). And because the individual defendants are entitled to qualified immunity, we need not decide whether they receive absolute immunity under *Vosburg v. Department of Social Services*, 884 F.2d 133 (4th Cir. 1989).

Finally, the district court did not err in concluding that plaintiffs failed to state a claim under MEPA. Plaintiffs did not allege that defendants themselves removed or advocated to remove foster children from their care, nor did plaintiffs offer more than conclusory allegations that the state court judges who ordered the children's removal did so based on the statements made by nonparties or defendants' lack of objection to those statements.

Accordingly, we affirm the district court's order. *Rhoads v. Guilford Cnty.*, No. 1:23-cv-00854-TDS-LPA (M.D.N.C. Sept. 27, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*